UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HAROLD A. BARNARD, D.O., | ) | |
| | ) | |
| *Plaintiff/Counter-Defendant* | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-387 RLM |
| | ) | |
| KNOX/WINAMAC COMMUNITY | ) | |
| HEALTH CENTERS, INC., | ) | |
| | ) | |
| *Defendant/Counter-Claimant* | ) | |

OPINION AND ORDER

Plaintiff/counter-defendant Dr. Harold Barnard moved for partial summary judgment on Counts II and III of the defendant's Counterclaim. The court took the matter under advisement after hearing argument on April 1. For the following reasons, the court grants the motion [Doc. No. 42].

Dr. Barnard brought a breach of contract and conversion action against Knox/Winamac Community Health Centers after Knox/Winamac defaulted on a 2009 Asset Purchase Agreement relating to the sale of Dr. Barnard's medical practice and equipment. The complaint alleges that Knox/Winamac failed to make a final installment payment that was due on March 1, 2010 and wrongfully converted Dr. Barnard's office equipment when it failed to obtain an appraisal and pay the full value for that equipment.

Knox/Winamac Community Health Centers filed a counterclaim on July 30, 2013, asserting claims for breach of contract (Count I), defamation (Count II), and tortious interference with a business relationship (Count III). [Doc. No. 11].

Dr. Barnard seeks summary judgment on Counts II and III of the counterclaim, arguing that they're barred by Indiana's two-year statute of limitations, IND. CODE § 34-11-2-4, and that Knox/Winamac hasn't presented any evidence that the statements and publications made by him were untruthful or that he engaged in any illegal activity or lacked justification for his actions. The court finds the first ground dispositive, and so limits its discussion to that argument.

As always on summary judgment motions, judgment is proper only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Garofalo v. Village of Hazel Crest, 754 F.3d 428, 430 (7th Cir. 2014).

Dr. Barnard contends that the claims in Counts II and III accrued in November 2009, when he published the allegedly defamatory statements; that Knox/Winamac waited more than three and a half years to file its counterclaims for defamation and tortious interference; and that the two-year statute of limitations in IND. CODE § 34-11-2-4 bars those claims.

Knox/Winamac doesn't dispute Dr. Barnard's assertion that the action accrued in late 2009, but argues that Counts II and III are actually "recoupment"

claims that arise out of the same transaction or occurrence as the plaintiff's claims, not affirmative claims, and as such aren't barred by the statute of limitations. *Citing* Reiter v. Cooper, 507 U.S. 258, 264 (1993) (recoupment claims arise out of same transaction and generally aren't barred by a statute of limitations); Chauffers, Teamsters Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co., Inc., 473 F.Supp. 1255, 1258 (S.D. Ind. 1979) ("a counterclaim arising out of the transaction or occurrence on which the action is founded may be asserted despite the bar of a statute of limitations if it is asserted for purposes of recoupment"); In re Health Mgmt Ltd. Partnership, 336 B.R. 392, 395-96 (Bkrtcy. C.D. Ill. 2005) ("Under the doctrine of recoupment, a defendant can meet a plaintiff's claim with a countervailing claim that arose out of the same transaction as the Plaintiff's claim or cause of action, for the purpose of abatement or reduction of such claim," but "the claims must arise from a single contract or transaction" and "there must be some type of 'overpayment' whether accidentally made or contractually made."). To the extent the prayers for relief in Counts II and III might suggest otherwise, Knox/Winamac asserts that the court should treat its counterclaims as affirmative defenses under Fed. R. Civ. P. 8(c)(2) and limit damages accordingly.

That Knox/Winamac's recoupment argument surprised Dr. Barnard is understandable. Knox/Winamac raised the argument for the first time at the hearing on plaintiff's motion. The prayer for relief in Counts II and III

3

unequivocally states that, "Knox prays for judgment in its favor and against Barnard, compensatory damages as a result of Barnard's tortious conduct, punitive damages, costs of this action, attorney's fees, and all other just and proper relief in the premises." [Doc. No. 11 at pp. 11 and 12]. The affirmative nature of the relief sought and the claims asserted lies uneasily with Knox/Winamac's assertion that they were merely affirmative defenses, mistakenly designated as counterclaims.

Still, the counterclaims could have been treated as affirmative defenses even after trial through an amendment to conform the pleadings to the evidence introduced at trial, even without a motion to amend. *See* Fed. R. Civ. P. 15(b)(2). No rule or reason prevents a court from taking the same approach at the summary judgment stage.

> Recoupment is a defense applicable in situations where the same transaction or contract gives rise to the claims asserted in an original compliant and a subsequent counterclaim. It involves the right of the defendant to have the plaintiff's monetary claim reduced by virtue of a claim by the defendant against the plaintiff arising out of the same contract.

Northern Trust Co. v. Peters, 69 F.3d 123, 135 (7th Cir. 1995).

Unlike the breach of contract claim asserted in Count I of the Answer and Counterclaim, the defamation and tortious interference claims asserted in Counts II and III don't arise out of the same transaction or occurrence as Dr. Barnard's claims. Dr. Barnard's claims are founded on a breach of the 2009 Asset Purchase Agreement; Counts II and III of the counterclaim aren't. Those counts of the

4

counterclaim seek (at best) recoupment for losses Knox/Winamac suffered as a result of Dr. Barnard's actions after the practice was sold. They are separate and distinct affirmative claims for relief, fall outside the recoupment doctrine, and so are time-barred under IND. CODE § 34-11-2-4. *See* Chauffers, Teamsters Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co., Inc., 473 F.Supp. at 1258-59 (finding that defenses raised by the defendant weren't asserted for purposes of recoupment, but rather were requests for affirmative relief and as such were barred by the statute of limitations).

Accordingly, the plaintiff's motion for partial summary judgment on Counts II and III of the defendant's counterclaim [Doc. No. 42] is GRANTED.

SO ORDERED.

ENTERED:   April 7, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court

5